ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

**FILED: 7/07/14**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 11-03636 GHK (FFMx) |
| Plaintiff, | [PROPOSED] |
| vs. | **CONSENT JUDGMENT** |
| REAL PROPERTY LOCATED IN SAN PEDRO, CALIFORNIA (GALAZ), | |
| Defendant. | |

    This action arose from the Verified Complaint for Forfeiture ("Complaint") filed herein on April 28, 2011. On

June 30, 2011, Lawrence Galaz and Cristina Galaz filed claims to the defendant real property.  On July 18, 2011, Lawrence Galaz and Cristina Galaz filed answers to the Complaint.  On December 5, 2011, the Court ordered this action stayed pending the conclusion of the related criminal case.  On March 11, 2013, having been advised by the parties that the criminal case had resolved, the Court lifted the stay. On August 12, 2013, Lawrence Galaz withdrew his claim and answer.  No other claims or answers were filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government") and claimant Cristina Galaz have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   As used throughout, the "defendant property" shall mean the defendant real property located in San Pedro, California, and more particularly described as follows: Assessor's parcel Number:  7454-012-019, Lot 20 in Block 7 of the Rudecinda Tract in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 4, page 43 Records of Survey, in the Office of the County Recorder of said County.

2.   This Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action.

1        3.   On or about April 28, 2011, the government initiated
2   this action pursuant to 21 U.S.C. § 881(a)(7) against the
3   defendant real property.
4        4.   Notice of this action has been given in accordance
5   with law.  The only remaining timely-filed claim was filed by
6   Cristina Galaz.  The Court deems that all potential claimants
7   other than Cristina Galaz admit the allegations of the Complaint
8   to be true.  The Complaint states a valid claim for relief
9   pursuant to 21 U.S.C. § 881(a)(7).
10       5.   Cristina Galaz has consented to the sale of the
11  defendant property in accordance with the provisions of this
12  stipulation.  The defendant property shall not be sold to any
13  individual or legal entity related to, employed by, in
14  partnership with, owned or associated with Cristina Galaz or
15  Lawrence Galaz.
16       6.   Within sixty (60) days of the entry of this Consent
17  Judgment, Cristina Galaz will enter into a contract to retain a
18  real estate broker licensed by the California Bureau of Real
19  Estate ("Licensed Broker") to sell the defendant property for a
20  price agreed upon by the parties.
21       7.   In connection with the sale of the defendant property,
22  the parties shall agree on a licensed and qualified escrow agent
23  ("Realty Escrow Agent").  Cristina Galaz shall enter into a
24  contract with the Realty Escrow Agent on terms approved by the
25  government.  The Realty Escrow Agent shall be required to carry
26  insurance sufficient to indemnify the United States and Cristina
27  Galaz as named insureds for any and all losses including, but
28  not limited to professional liability, fidelity, and errors and

omissions for all funds accepted by the Realty Escrow Agent. The Realty Escrow Agent's contract shall also prohibit the Realty Escrow Agent from disbursing any funds relating to or derived from the sale of the defendant property unless explicitly authorized by (a) Paragraph 10 of this Consent Judgment, or (b) a writing signed by counsel for the Parties. Any and all proceeds from the sale of the defendant property shall be disposed of in accordance with the terms set out in Paragraph 10, below.

8. The United States shall withdraw the lis pendens recorded against the defendant property within fifteen (15) business days of the entry of this Consent Judgment.

9. Until the defendant property is sold and escrow on such sale is closed, Cristina Galaz shall not take any action to affect adversely the condition or marketability of the defendant property, and will maintain the property in substantially the same condition as it is on the date this Consent Judgment is entered. Cristina Galaz shall not pledge or otherwise encumber the property, and shall maintain appropriate policies of insurance on the defendant property, including policies covering potential liability for personal injury or property damage occurring on or around the defendant property. Within thirty (30) days of the entry of this Consent Judgment, Cristina Galaz shall cause the government to be added as a named insured on all such policies. All costs of maintenance and repair of the defendant property prior to its sale shall be borne by Cristina Galaz, who also shall ensure that all property and other taxes are paid when due. Cristina Galaz shall not commit waste of the

defendant property, or permit the property to be used or occupied in any manner that is likely to diminish its value or invalidate any insurance policy on the property.  Cristina Galaz shall promptly provide to government counsel or their designee proof of payment of any federal, state, or local taxes upon request.

    10.  The parties agree to sell the defendant property and that upon the sale of the defendant property the funds generated by the sale shall be distributed in the following priority:

        a.  First, for all costs and expenses of the sale, including but not limited to, any fees or costs provided for in the escrow instructions for the sale of the defendant property);

        b.  Second, to the extent sufficient sale funds are available, to the Los Angeles County Assessor and Tax Collector of any unpaid real property taxes assessed against the defendant property to the date of entry of the Judgment;

        c.  Third, 50% of the balance of the remaining funds to Cristina Galaz.  The funds shall be paid either by check to the "Paul L. Gabbert Client Trust Account" or by electronic transfer to that account.  Mr. Gabbert shall provide the banking information required to complete an electronic transfer of the funds to that account to the escrow company within seven (7) days of receipt of a request for this information;

         d.    Fourth, the balance of the remaining funds to the United States, the sum of which is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein.  The government is ordered to dispose of the funds in accordance with law.

11.  If after six months from the entry of this Consent Judgment the defendant property has not been sold, counsel for the parties shall meet and confer regarding Cristina Galaz' progress in marketing and selling the defendant property, and schedule a status conference with the Court to review these issues.

12.  Except as otherwise set forth in this Consent Judgment, Cristina Galaz has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the United States Customs and Border Protection, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by her or on her behalf.

13.  The parties shall each bear their own costs and attorneys' fees in this action.

14.  The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

//

//

15. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated:  7/2 , 2014              _____
                                THE HONORABLE GEORGE H. KING
                                CHIEF UNITED STATES DISTRICT JUDGE

Approved as to Form and Content:

DATED: June 30, 2014        ANDRÉ BIROTTE JR.
                            United States Attorney
                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section

                               /s/ Jonathan Galatzan
                            JONATHAN GALATZAN
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America

DATED: June 23, 2014           /s/ Cristina Galaz
                            CRISTINA GALAZ
                            Claimant

DATED: June 25, 2014


                               /s/ Paul L. Gabbert
                            PAUL L. GABBERT, ESQ.
                            Attorney for Claimant
                            Cristina Galaz